## DAY *v.* FAIR HAVEN & W. R. Co.

*(Circuit Court, D. Connecticut. March 16, 1885.)*

**PATENTS FOR INVENTIONS—DAY SNOW-PLOW—INVENTION.**

The fourth claim of reissued patent No. 8,388, granted to Augustus Day, August 27, 1878, for a horse railway track-clearer, or snow-plow, *held* void for want of invention; following *Hollister* v. *Manufacturing Co.* 5 Sup. Ct. Rep. 717.

In Equity.

*Sprague & Hunt*, for plaintiff.

*Wm. Edgar Simonds*, for defendant.

SHIPMAN, J. This is a bill in equity to prevent the infringement of the fourth claim of reissued letters patent No. 8,388, granted to Augustus Day, August 27, 1878, for a horse railway track-clearer or snow-plow. The original patent was granted April 9, 1872. The invention is said, in the original specification, to consist "in the combination of a pair of independently acting scrapers, pivotally secured

to the floor of a car, and resting upon the track, when in operation, wholly by their own weight, with means for raising and lowering such scrapers simultaneously; in the combination, with an independently acting scraper, resting, when in operation, wholly by its own weight upon the track, of a draw-bar, in the direct line of draught, and a supplemental and diagonal draw-bar, which at the same time acts as a brace, the forward ends of both of said bars being secured on the same axial line; in the peculiar construction and arrangement of a cast-shank with relation to the scraper, which is secured thereto, and the draught-irons which connect it to the under side of the car; in the pendent guards, which lift the scraper from the track on meeting with an obstruction on the outside of the rail, and deflect outwardly from the track; and in a peculiar crank for operating the shaft, which raises and lowers the pair of scrapers at each end of the car."

The fourth of the nine claims of the reissued patent is for "the combination, with the draw-bar, C, and scraper, A, of the diagonal brace, E, as and for the purpose set forth."

The whole apparatus is apparently a skillfully contrived and an efficient track-clearer, but as the fourth claim is a very broad and simple one, it is only necessary to speak of so much of the mechanism as is included in that claim. That part of the apparatus consists of a draw-bar pivoted to the bottom of the car, and a scraper diagonally set across the rail in a manner not unusual. As the scraper, when in operation, rests upon the track, it is, of course, subjected to lateral pressure in moving obstructions from the rail. To resist this pressure, and to prevent the scraper from being crowded inward, a diagonal brace is secured to the rear end of the draw-bar, and is pivoted to the bottom of the car near its longitudinal center; the draw-bar and brace being pivoted in the same axial line, "so that when it is desired to raise and lower the scrapers, the same will be done without disturbing the vertical position thereof with relation to the track."

The track-clearers of the defendant have a scraper, and a draw-bar in the line of the draught, and a diagonal brace, the two bars being pivoted to the car in the same axial line; but the methods by which they are fastened to the scraper or to the car are not the methods of the patent. The defendant's scraper is pressed upon the track by elastic steel arms.

The fourth claim is for a scraper and a draw-bar in the line of the draught, irrespective of the method of pivoting scraper and draw-bar together, or the method of raising and lowering either, and a diagonal brace irrespective of the method by which it is fastened to the draw-bar or to the car, except that the bar and the brace must be pivoted on the same axial line. The scraper and the draw-bar were both old. The only part of the combination which is claimed to be new is the diagonal brace to enable the scraper to be kept in its place on the track. The method by which these two bars are secured to the

scraper, or to each other and to the car, and the method by which the scraper, draw-bar, and brace can be easily and effectively raised and lowered from the platform of the car, undoubtedly required inventive skill; but the mere employment of a diagonal brace pivoted to the car in the same axial line with the draw-bar, to resist lateral pressure upon the scraper, if such resistance was deemed important, seems to me the obvious and natural suggestion which would occur to any mechanic. The use of a diagonal stay to resist a strain upon a sled or sleigh runner, and, in general, the use of a "corner brace," to resist tendency to lateral displacement, are within the range of the most ordinary mechanical knowledge and of common experience, and this is about all that the patentee included in this claim. Being simply for the addition of a diagonal brace to the draw-bar for the purpose of resisting lateral pressure upon the scraper, the only mechanical requirement being that the bar and the brace should be pivoted upon the same axial line, and not including the patented mechanism by which either of the three members of the combination is secured to the other, or is made effective, the claim is so general that it does not define the actual invention of the patentee. That is stated in the other claims. The suggestion of the patentee in the reissued but not in the original patent, that the diagonal brace serves also as a supplementary draw-bar, was not important, and does not seem to have been so considered by his expert witnesses.

I cannot perceive that the mechanism which is included in the fourth claim was an "invention," in view of the definitions of that word in recent decision of the supreme court. *Hollister* v. *Manufacturing Co.* 5 Sup. Ct. Rep. 717.

The bill is dismissed.